**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**A NOBLE PRIVATE LENDER
REVOCABLE LIVING TRUST,**

      **Plaintiff,**

**vs.**                                                           **Case No. 4:23cv511-AW-MAF**

**COMMISSIONER, INTERNAL
REVENUE SERVICE, et al.,**

      **Defendants.**

**_____/**


**<u>REPORT AND RECOMMENDATION</u>**

This case was initiated on November 30, 2023, with the submission of a document entitled "civil bill of claim in equity," ECF No. 1, which was construed as a complaint, and a motion to proceed in forma pauperis, ECF No. 2.  Two Orders were entered, ECF Nos. 4 and 7, advising Plaintiff of several problems which had to be corrected before this case could proceed: an insufficient and inconsistent in forma pauperis motion, as well as the necessity for counsel to represent the Trust.  The second Order, ECF No. 7, gave Plaintiff until February 2, 2024, to correct the deficiencies,

but when that date passed with no response having been received, a Report and Recommendation, ECF No. 8, was entered.

In early March 2024, Plaintiff Wallace Louis Temple, Jr., belatedly submitted a response.  ECF No. 9.  Although the response was unsigned and insufficient, a desire to prosecute this case was demonstrated.  Thus, the Report and Recommendation, ECF No. 8, was vacated and another Order was entered explaining that Plaintiff's "durable power of attorney" was not sufficient, that Plaintiff could not be granted in forma pauperis status based on the information provided, and directing him once again to comply with the prior Orders.  ECF No. 10.  Plaintiff was given until **April 5, 2024**, to pay the filing fee and to obtain the assistance of an attorney and have the attorney file a notice of appearance of counsel.  *Id.*  Plaintiff was warned that if a notice of appearance of counsel was not filed, another Report and Recommendation would be entered to dismiss this case for the reasons explained in the first Order, ECF No. 4 at 3-4.  *Id.*

As of this date, Plaintiff has not complied.  The filing fee has not been paid, and counsel has not entered a notice of appearance.

The complaint filed in this case lists only one Plaintiff - "A Noble Private Lender, Revocable Living Trust."  ECF No. 1 at 1.   Wallace Louis

Temple, Jr., is the "Trustee." *Id.*  However, a "trust, like a corporation, 'is

an artificial entity that can act only through agents, cannot appear pro se,

and must be represented by counsel.'"  <u>Palazzo v. Gulf Oil Corp.</u>, 764 F.2d

1381, 1385 (11th Cir. 1985) (quoted in <u>J.J. Rissell, Allentown, PA Tr. v.</u>

<u>Marchelos</u>, 976 F.3d 1233, 1235 (11th Cir. 2020)).  Because counsel has

not appeared and the filing fee has not been paid, this case should now be

dismissed.

"A district court, as part of its inherent power to manage its own

docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute

or" otherwise comply with a court order.  *See* <u>Ciosek v. Ashley</u>, No.

3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The

Court has inherent power "to dismiss sua sponte for lack of prosecution" as

courts must necessarily have authority "to manage their own affairs . . . . "

<u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed.

2d 734 (1962) (quoted in <u>Betty K Agencies, Ltd. v. M/V MONADA</u>, 432 F.3d

1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  Furthermore,

the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an

extraordinary remedy, dismissal upon disregard of an order, especially

where the litigant has been forewarned, generally is not an abuse of

discretion." <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir. 1989).  It is within this Court's discretion and "inherent authority" to dismiss this case for failing to comply with a court Order.  <u>Smith v. Bruster</u>, 424 F. App'x 912, 915 (11th Cir. 2011).  Here Plaintiff was forewarned in multiple Court Orders, but has not complied.  Therefore, dismissal is appropriate.

## **RECOMMENDATION**

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on April 9, 2024.


 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).   <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**